**State of Vermont v. Amadeo Santi**

[326 A.2d 149]

No. 189-73

Present: **Barney, C.J., Smith, Keyser, Daley** and **Larrow, JJ.**

Opinion Filed October 1, 1974

*Stephen W. Webster*, State's Attorney for the State.

*Richard S. Kohn, Esq.*, American Civil Liberties Union of Vermont, Inc., Montpelier, for Defendant.

*Kimberly B. Cheney*, Attorney General, and *Raymond L. Betts, Jr.*, Assistant Attorney General.

**Smith, J.** On April 14, 1973, the defendant was given a Vermont Uniform Traffic Ticket charging him with operating an unregistered motor vehicle in violation of 23 V.S.A. § 301. The reverse side of this ticket contains a statement that a recipient is entitled to a trial by jury. At the defendant's arraignment in the Orange Circuit of the District Court of Vermont on June 1, 1973, he was asked by the court if he wished for trial by jury, to which he responded affirmatively. He was later notified to be present on August 14, 1973, for a jury drawing.

However, on August 14, 1973, the defendant was informed by Judge Morss that he was denying the defendant's request for a jury trial. When the defendant continued to press his demand, the court opined that the defendant was charged with a traffic offense, traffic offenses were not criminal offenses, and therefore all traffic offenses would be tried by the court without a jury.

Trial was held on August 21, 1973. Defendant again demanded a jury trial, and refused to participate in the trial beyond reiterating this demand. After the presentation of

evidence by the State, the court found the defendant guilty and imposed a fine of $50.00. Defendant timely filed his notice of appeal, and a stay of execution of sentence was granted by the lower court pending appeal here.

This Court was presented with briefs and arguments not only by the defendant and the State's Attorney of Orange County but by the Office of the Attorney General of the State of Vermont, pursuant to V.R.A.P. 44, as well. The defendant's brief raises two questions: (1) Does 23 V.S.A. §§ 2201 *et seq.*, the Uniform Traffic Ticket Act, abrogate the right of trial by jury in traffic offenses; and (2) If such Act does abrogate the right to trial by jury, can it do so consistently with Ch. I, Art. 10 and Ch. I, Art. 12 of the Constitution of the State of Vermont.

The State's Attorney argues that the legislative intent demonstrated in the Act was to remove traffic offenses from the criminal law, or at least to withdraw them from the cumbersome procedure involving a jury trial. He also argues that even if a traffic offense is a criminal offense it is of such a petty nature that the Vermont Constitution does not guarantee a trial by jury.

The Attorney General's view is that it is not necessary for us to consider the constitutional issue since the Legislature, in enacting the Uniform Traffic Ticket Act, did not evince a sufficiently clear intention that such offenses should not be tried by jury.

Our first consideration must be to determine whether the Legislature, in enacting 23 V.S.A. §§ 2201, *et seq.*, intended to abolish the statutory right to trial by jury in traffic offenses. If such intent is not shown, and a statutory right to trial by jury has not been abolished, we need not consider the constitutional issue raised. It has long been our rule that we not consider constitutional questions unless the disposition of the case requires it. *Eurich* v. *Coffee-Rich, Inc.*, 130 Vt. 537, 544, 298 A.2d 846 (1972); *Juaire* v. *Juaire*, 128 Vt. 149, 152, 259 A.2d 786 (1969.)

The statutory right to a trial by jury of offenses is found in 13 V.S.A. § 7002:

A person shall not be punished for an offense unless by confession of his guilt in open court, or by admitting the truth of the charge against him by his plea or de-

murrer, or by the verdict of a jury accepted by the court and recorded, or by the judgment of a district court when the respondent waives trial by jury.

"The term 'offense' plainly includes misdemeanors." *State* v. *Hirsch*, 91 Vt. 330, 336, 100 A. 877 (1917). A "misdemeanor" is defined in 13 V.S.A. § 1. "Any other provision of law notwithstanding any offense whose maximum term of imprisonment is more than two years, for life or which may be punished by death is a felony. Any other offense is a misdemeanor."

23 V.S.A. § 2201 defines "traffic offense":

A violation of any provision of this title or regulation promulgated thereunder for which no specific penalty is provided therein, or for which a penalty of a fine of not more than $100.00 is provided, or of any municipal ordinance relating to the operation or use of motor vehicles or to the use of streets and highways by pedestrians or by the operation of any other vehicle, any provision of a municipal charter to the contrary notwithstanding, shall be known as a traffic offense.

A careful reading of this section, as well as the other sections of the Act (23 V.S.A. §§ 2201–2207 inclusive) discloses no provision that eliminates a trial by jury for traffic offenses or that places them without their statutory classification as misdemeanors.

23 V.S.A. § 2205(d) does provide that in case a defendant refuses to answer, appear, or pay a fine "the commissioner [of motor vehicles] may suspend the operator's license or privilege to operate a motor vehicle until the defendant answers, appears, or pays the fine." While this section gives the commissioner a permissive power to aid in enforcing the rules and order of the lower court in addition to the powers already available to the latter (see 13 V.S.A. § 7223), it does not eliminate the imposition of a fine for the commission of a traffic offense. 23 V.S.A. § 2205(c). The fact is that the Act still provides for the imposition of a fine, and a fine is an imposition of a penalty for a criminal offense.

Where the meaning of a statute is plain, the court is required to enforce the statute according to its terms, and there is no necessity for construction. *Swanton* v. *Highgate*, 131 Vt.

318, 325, 305 A.2d 586 (1973); *State v. Bartlett*, 128 Vt. 618, 622, 270 A.2d 168 (1970). The plain meaning of the Uniform Traffic Ticket Act negates any legislative intention to abrogate the right to a jury trial in prosecutions under the Act. If such had been the legislative intent, it could have been made clear by being stated in the Act.

While it is not necessary for us to inquire into the legislative history of the Act to reach our determination, we do note that a proposal to eliminate the jury trial in prosecutions of traffic offenses was considered by the General Assembly and rejected. Our disposition of the case does not require our consideration of the constitutional questions advanced.

*Judgment reversed and remanded.*