## In re Herbert Lampman

[373 A.2d 547]

No. 347-75

Present: **Barney, C.J., Larrow and Billings, JJ., Shangraw (C.J., Ret.) and Smith (J., Ret.), both specially assigned**

Opinion Filed April 5, 1977

*Francis X. Murray,* Chittenden County State's Attorney, and *Alan B. Coulman,* Deputy State's Attorney, Burlington, for Plaintiff.

*James L. Morse,* Defender General, and *Charles S. Martin,* Appellate Defender, Montpelier, for Defendant.

**Larrow, J.** Appellant brought his petition below to the Chittenden Superior Court, seeking relief under 13 V.S.A. § 7131 et seq. from a sentence claimed to be illegal because it did not afford him credit for 20 days spent in custody in connection with the offense prior to sentence, as required by 13 V.S.A. § 7031(b). Facts were stipulated, and found, both here and below, but extensive recitation of them is not required to bring appellant's claim into focus. While serving a sentence for another offense, he escaped from the correctional facility, and was arraigned on an escape charge in Vermont District Court, Unit No. 2, Chittenden Circuit, on November 7, 1974. He pleaded not guilty; bail was set at $500 and not met, whereupon a mittimus issued to the same correctional center for want of bail. On November 27, 1974, he changed his plea and was sentenced to a term of 1-2 years, to be served concurrently with the sentence of nine months to two years he had been serving. No credit was given on this second sentence for the 20 day period during which the bail mittimus was in effect.

Subsequent sentences on other charges, running consecutive to ones described, have prevented this appeal from becoming moot, as their date of commencement is affected by the decision herein.

Relief was denied the appellant by the superior court, without citation, on the ground that "he would be in jail anyway and should not be permitted to credit [sic] for the same time spent in jail." We do not concur in this over-simplified conclusion, and reverse.

The parties have stipulated that the policy of the Vermont Department of Corrections toward a person detained for want of bail is more restrictive than it is with respect to inmates serving a sentence, as regards passes for work, pleasure, home visits, and rehabilitation programs, and that appellant received no passes of any kind during the 20 day period here in question. Under 28 V.S.A. § 759(b), a person confined pending prosecution has access to work release and furlough programs only if the

prosecuting officer and trial judge give consent. We regard this as significant, as showing the nature of the confinement was altered by the bail mittimus. But we base our reversal on what we consider the plain meaning of the statute.

13 V.S.A. § 7031(b) reads as follows:

(b) The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence. The court shall give the person credit toward service of his sentence for any days spent in custody *in connection with* the offense for which sentence was imposed. (Emphasis supplied.)

Enacted in 1973, this sub-section was presumably a legislative recognition of the landmark decisions in *Williams* v. *Illinois*, 399 U.S. 235 (1970), and *Tate* v. *Short*, 401 U.S. 395 (1971), eliminating the "invidious discrimination" resulting where an indigent person, because of pre-trial incarceration, received a sentence nominally the same but effectively more severe than an affluent person. The scope of that doctrine we need not here consider, because we regard the statutory meaning as clear, and mandating the relief sought by the appellant. Where such meaning is clear, the court is required to enforce it according to its terms, and there is no need for construction. *Swanton* v. *Highgate*, 131 Vt. 318, 325, 305 A.2d 586 (1973); *State* v. *Santi*, 132 Vt. 615, 618, 326 A.2d 149 (1974).

The 20 days here in question, even though part of a previous sentence, were also spent in custody *in connection with* the escape charge. For reasons which must have appealed to the trial court though far from apparent here, it saw fit to deny personal recognizance on the escape charge, impose cash bail, and issue a mittimus for want of that bail. The detention was not solely attributable to want of bail, but it was certainly in connection with such want, and within the terms of the statute. By way of illustration, a pardon for the first offense, however unlikely, would not have released appellant from detention under the bail mittimus.

We will not, as we have indicated, resort to statutory construction or reconstruction of legislative intent where the plain meaning of the statute is apparent. We are strengthened in our conclusion by Connecticut's construction of a similarly

worded statute, in *Mancinone* v. *Warden,* 162 Conn. 430, 294 A.2d 564, 568 (1972):

> [T]he legislature did not restrict the operation of the statutes to circumstances where either the existence of a mittimus or lack of bail was the *sole* reason for custody . . . . Each of the plaintiffs in these cases comes within the precise language in which the legislature enacted its directive. If it had wished to exclude from the operation of the statutes those who would not be released from custody even if they posted bail that exception could easily have been spelled out.

In accord with the Connecticut decision, on a similarly worded statute, is *People* v. *Parisi,* 46 Mich.App. 322, 208 N.W.2d 70 (1973). Other jurisdictions reach a different result, but on the basis that their statutes expressly deny the time credit where confinement is pursuant to conviction for another offense. Cal. Ann. Penal Code § 2900.5 (West 1970); Opinion No. Cr. 72-36, 55 Ops. Cal. Atty. Gen. 318 (1972); Nev. R.S. § 176.055, *Dearing* v. *State,* 90 Nev. 297, 525 P.2d 601 (1974).

In reversing, we do not regard a remand to the Chittenden Superior Court as either required or appropriate. The indicated action, correction of the sentence of the Vermont District Court, Unit No. 2, Chittenden Circuit, can be taken here.

*The judgment of the Chittenden Superior Court is reversed. In the case of State of Vermont v. Herbert Lampman, District Court of Vermont, Unit No. 2, Chittenden Circuit, Docket No. 2477-74-CnCr, the sentence and resulting mittimus are amended to give the respondent credit for 20 days served, pursuant to 13 V.S.A. § 7031(b). The entry herein shall be certified to each court, and to the Commissioner of Corrections.*