### In re Alfred Zera

[406 A.2d 396]

No. 344-78

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed September 10, 1979

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, and *Steve Dunham,* Appellate Counsel, Montpelier, for Petitioner.

*David G. Miller,* Franklin County State's Attorney, St. Albans, for Respondent.

Billings, J. The petitioner-appellant (hereinafter the petitioner) brought a petition for post-conviction relief, 13 V.S.A. §§ 7131–7137, in the Franklin Superior Court, claiming that he had been unlawfully denied credit for several intervals of time he served prior to being sentenced on a number of crimes. The superior court agreed with the petitioner with respect to all but one interval, and granted partial relief. We conclude that the petitioner was entitled to all of the credit he sought in his petition, and reverse the partial denial of relief.

This cause was submitted to the superior court on an agreed statement of facts. While serving a sentence of im-

prisonment, the petitioner failed to return from furlough. He was arraigned on December 12, 1977, on a charge of failure to return from furlough, in violation of 13 V.S.A. § 1501(b) (2), a form of escape under the statute, in Vermont District Court, Unit No. 3, Franklin Circuit. Petitioner pled not guilty, and the district court released him on his personal recognizance. The petitioner rejected personal recognizance and surrendered himself to the court. The petitioner was thereupon remanded, without the issuance of a mittimus, to the custody of the Commissioner of Corrections. The petitioner gave the district court written notice that he withdrew and surrendered from personal recognizance under date of December 12, 1977. On January 5, 1978, the petitioner filed a Notice of Relief of Bail wherein he formally notified the court of his surrender and requested an order committing him to the custody of the Commissioner of Corrections pending the suit pursuant to 13 V.S.A. § 7562.

On March 10, 1978, the district court ordered the petitioner evaluated as to his sanity, 13 V.S.A. §§ 4815–4817. On April 6, 1978, the petitioner changed his plea to guilty on the escape charge, and on April 13, 1978, he was sentenced to a term of not less than one nor more than three years, to be served consecutively with any sentence he was then serving. The trial court gave the petitioner credit for the ten days he spent in custody between his apprehension on December 3 and his arraignment on December 12, 1977, but denied his request for credit for the time between his arraignment and his commitment for observation to evaluate sanity, a period of approximately three months.

■■ 13 V.S.A. § 7031(b) reads in pertinent part as follows: "The court shall give [a person convicted of an offense] credit toward service of his sentence for any days spent in custody in connection with the offense for which sentence was imposed." The superior court denied petitioner credit for the interval in issue on the grounds that his nonacceptance of release on personal recognizance had no effect, and that, since no bail mittimus had issued, he was not placed in custody "in connection with the offense charged" within the meaning of the statute. The fact that the petitioner was already in custody on a prior conviction, however, does not prevent his

being eligible for credit if conditions of release are imposed in connection with a subsequent offense, and there is a failure to abide by those conditions. *In re Lampman,* 135 Vt. 226, 373 A.2d 547 (1977). The plain meaning of 13 V.S.A. § 7031 (b) is that if conditions of release are imposed in connection with a charge, and the conditions are not met, then the time spent in custody is "in connection with the offense charged."

 Here the condition imposed was personal recognizance. A recognizance is an obligation of record entered into before a court or officer duly authorized, *Capital Garage Co.* v. *Gordon,* 99 Vt. 83, 84, 130 A. 756 (1925); Black's Law Dictionary 1436 (4th ed. 1968). A defendant is under no duty to accept conditions of release. The petitioner here chose to reject the condition that was offered. He could not have been released from the district court's order remanding him to the Commissioner of Corrections until the conditions imposed were either complied with or amended, 13 V.S.A. § 7559(a), and thus his continued custody, even absent a written mittimus, was in part attributable to the escape charge, *In re Lampman, supra,* 135 Vt. at 228, 373 A.2d at 548.

The parties have stipulated that, as a matter of policy in Vermont, inmates posing a threat to the security of the institution are confined in areas separate and apart from the regular programs of the institution; that such inmates are not eligible for furlough, work-release, passes, or outside supervised work crews; and further that, subsequent to the petitioner's nonacceptance of release on personal recognizance, this policy was applied to him. The fact that the petitioner was subjected to more restrictive conditions of confinement following his arraignment on the escape charge provides additional support for our holding that the petitioner's incarceration was "in connection with the offense charged" within the meaning of 13 V.S.A. § 7031(b). This refutes the conclusion of the superior court that the time the petitioner spent in custody was "for other reasons." The record clearly reveals that the more restrictive conditions were imposed because the petitioner had escaped, the very incident for which he was arraigned, and in connection with which personal re-

cognizance was offered and refused. On this record, the petitioner's custody was in connection with the offense charged.

A remand to the Franklin Superior Court is not required since the sentence of the Vermont District Court, Unit No. 3, Franklin Circuit, can be corrected here.

*Judgment of the Franklin Superior Court reversed. In the case of State of Vermont v. Alfred John Zera, Docket No. 1309–77 Fcr, the sentence and resulting mittimus are amended to give defendant credit, pursuant to 13 V.S.A. § 7031(b), for eighty-eight days served. The entry shall be certified to each court and to the Commissioner of Corrections.*