**James R. Jones v. Department of Employment Security**

[442 A.2d 463]

No. 217-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed February 2, 1982

*Zander B. Rubin* and *Wendy Morgan,* Vermont Legal Aid, Inc., St. Johnsbury, for Plaintiff.

*William T. Keefe,* Montpelier, for Defendant.

**Billings, J.** The claimant-appellant Jones was laid off from his employment due to lack of work and registered for unemployment compensation on August 13, 1979. Having satisfied the availability for work requirement, he received benefits for twenty-six weeks terminating on February 16, 1980. After the claimant had exhausted his regular unemployment compensation benefits, he became disabled on March 27, 1980. Extended benefits did not become available until July 1980, and claimant in September 1980 applied for the thirteen weeks of extended unemployment compensation as provided by the extended benefit program. 21 V.S.A. §§ 1421–1426. Due to claimant's inability to work, he was not required to reregister for work. Benefits were denied to claimant on the basis that he was not in an active status when he became disabled and did not come within the illness disability exception to availability as provided in the then existing law, 21 V.S.A. § 1343(a)(3) (1978) (amended 1981). From this determination claimant appeals.

This appeal turns solely on the interpretation of 21 V.S.A.

§ 1343(a)(3), prior to its amendment on May 10, 1981, which provided as follows:

> (a) An unemployed individual shall be eligible to receive benefits with respect to any week only if the commissioner finds that:
>
> . . . .
>
> (3) He is able to work, and is available for work; . . . provided further that no claimant shall be considered ineligible in any week of unemployment for failure to comply with the provisions of this paragraph if such failure is due to an illness or disability which occurs after he has registered for work and no work which would have been considered suitable but for the illness or disability has been offered after the beginning of such illness or disability. . . .

The 1981 amendment is more restrictive. It requires that before a disabled claimant can collect unemployment benefits he must have not only registered for work but must have also "filed a claim for benefits . . . during a week for which he was entitled to waiting period credit or benefit payments." 21 V.S.A. § 1343(a)(3) (Supp. 1981). Under the plain words of the statute, as amended, claimant would be ineligible for extended compensation benefits.

■■ In determining this appeal and interpreting the applicable statute, we are guided by certain rules of statutory construction. Foremost is the rule that when the meaning of a statute is plain on its face we must enforce it according to its express terms. *Nolan* v. *Davidson*, 134 Vt. 295, 298, 357 A.2d 129, 131 (1976); *State* v. *Santi*, 132 Vt. 615, 617, 326 A.2d 149, 151 (1974). The Unemployment Compensation Act, having benevolent objectives, is remedial and must be given liberal construction; no claimant should be excluded unless the law clearly intends such an exclusion. *Nolan* v. *Davidson, supra; In re Potvin*, 132 Vt. 14, 18, 313 A.2d 25, 27 (1973).

■ The plain wording of the statute prior to amendment requires only that the disability occur after the claimant has registered for work and nothing more. In denying benefits the Board added a condition to the statute that the claimant must

become disabled while in active filing status. This condition is not a part of the pertinent statute, and the Board erred in denying claimant extended benefits on this basis.

Moreover, the subsequent amendment to the statute supports our interpretation, since it is well settled that an amendment of a statute shows a legislative intent to change the effect of existing law. *Diamond* v. *Vickrey*, 134 Vt. 585, 589, 367 A.2d 668, 671 (1976); *Rock of Ages Corp.* v. *Commissioner of Taxes*, 134 Vt. 356, 359, 360 A.2d 63, 65 (1975).

*Reversed and remanded for computation of appropriate benefits.*