### In re Ronald McPhee

[442 A.2d 1285]

No. 226-81

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 2, 1982

*Stephen W. Gould,* Defender, Correctional Facilities, Montpelier, for Petitioner.

*James P. Mongeon,* Rutland County State's Attorney, and *Jeff Kirsch,* Law Clerk (On the Brief), Rutland, for Respondent.

**Barney, C.J.** The State is appealing time credit awarded the defendant based on bail time allegedly spent in custody. In response to a petition by the defendant the lower court gave credit against a sentence of three to ten years for manslaughter for time spent at a residential alcohol treatment facility, amounting to about seven months.

The defendant was originally arraigned in January, 1978, on a charge of murder, and pled not guilty. After hearing,

the court issued a pretrial release order setting bail at $50,000, to be secured by sufficient sureties or the deposit of cash. The defendant was unable to raise the bail and petitioned for a bail review under 13 V.S.A. § 7554(d).

A second hearing was held and an amended pretrial release order issued containing the following conditions:

1. He shall execute an unsecured appearance bond in the sum of $50,000.00.

2. He shall reside at Lakeview Lodge in Newport, Vermont, under the supervision of its Director, Charles Moore, or his authorized agent or agents, pending his trial.

3. While residing at Lakeview Lodge he shall submit himself to such program of treatment as it shall recommend and shall abide by all rules and regulations for residents there.

4. He shall not leave the premises of Lakeview Lodge except in the company of a staff member.

5. He shall not possess or consume alcoholic beverages.

6. He shall not possess any firearms.

7. He shall appear in this Court when required.

8. Lakeview Lodge shall advise the Court immediately of any infractions of its rules and regulations or any violation of these conditions which come to its knowledge.

9. Lakeview Lodge, once a month, shall file a written summary report with the Court, and a copy to the State's Attorney of Rutland County and a copy to defense counsel, on defendant's progress therein.

10. The defendant and Charles Moore for Lakeview Lodge shall each countersign the original of this Order for pre-trial release to signify their acceptance of the conditions herein as they relate to each.

Defendant took up residence at the facility on January 26, 1978, and remained there until April 21, 1978. At that time, in response to a motion by the defendant, a modification was ordered by the court allowing the defendant to leave the premises of the facility unsupervised if he had prior staff authorization and stated his purpose, his destination and his time of return.

In August, pursuant to a plea agreement, the defendant received his three to ten year sentence less a credit of ten days for the time spent in jail for lack of bail. His request of credit for his time at the treatment facility was filed in March, 1981, and heard and ruled on in May, 1981.

The authority under which the defendant sought credit is 13 V.S.A. § 7031(b), which provides:

> (b) The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence. The court shall give the person credit toward service of his sentence for any days spent in custody in connection with the offense for which sentence was imposed.

The trial judge found that the defendant's residence at the treatment center and compliance with its rules was required by the court, and that he was subject to reincarceration if he failed to abide by any of the conditions of release. Thus, he was not free to reside at a place of his choosing. This was enough, in the view of the lower court, to bring the statutory provisions providing for credit into play.

The State argues, in opposition, that the defendant was not, in the eyes of the law, in custody, and therefore was not eligible for the statutory credit. In the first place, it argues, the defendant was not under the custody of the commissioner of corrections, the facility being a private institution. Moreover, he was allowed to go to the facility as a condition of release under 13 V.S.A. § 7554 on the basis of his agreement to abide by the terms of the order.

13 V.S.A. § 7554(a) reads as follows:

> (a) Any person charged with an offense other than an offense punishable by death, shall at his appearance before a judicial officer be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines in the exercise of his discretion that such a release will not reasonably assure the appearance of the person as required, or that the release of the person will constitute a

danger to the public. When such a determination is made the judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions:

(1) place the person in the custody of a designated person or organization agreeing to supervise him;

(2) place restrictions on the travel, association or place of abode of the person during the period of release;

(3) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond such deposit to be returned upon the performance of the conditions of release;

(4) require the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; or

(5) impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.

The Court in *In re Zera,* 137 Vt. 421, 424, 406 A.2d 396, 398 (1979), held that if conditions of release as imposed are not met, a defendant is in custody "in connection with the offense charged" in terms of 13 V.S.A. § 7031(b). From this the prosecutor argues that if conditions of release *are* met, the consequence must be that there is no custody.

The literal simplicity of such a solution beguiles, but seldom is the measure of a constitutional right so glibly taken. So here. We are not dealing with an uncomplicated positive or negative choice, nor should we let linguistic logic overrun our duty to seek the substantive right.

The pattern of the statute evinces a gradation of restraint ranging all the way from full freedom on personal recognizance to a total denial of bail under circumstances legal under the Vermont Constitution. The words of the statute itself, in three out of the five stated conditions, refer to plac-

ing the person in custody or supervision, or restricting freedom in other ways.

■ Whatever may be the effect of such limitations when the conditions imposed are reviewed for satisfaction of the constitutional right to bail, the question before us in this case is limited to whether the restraints involved here were sufficient, as a matter of law, to bring into play the credit provision for days spent in custody pursuant to 13 V.S.A. § 7031(b). That determination is to be made in the light of the factual nature of the custody, not upon the nuances of language.

■ We are not disposed to transfer the concept of "custody" involved in measuring the responsibilities of an enforcement officer for escape of a prisoner, *Mangan's Admx.* v. *Franzoni,* 116 Vt. 351, 75 A.2d 665 (1950), or the definition of "custody" justifying habeas corpus jurisdiction, *In re Stewart,* 140 Vt. 351, 438 A.2d 1106 (1981), to this credit issue. Nor will we treat custody so uniformly that a release in the custody of a parent which permits living at home becomes indistinguishable from a release in the custody of the commissioner of corrections for institutional confinement.

■■ Here, the defendant's freedom was much more restricted than that of one who walks out of a courtroom having furnished bail. Just how much less limited restrictions would support credit for time served under the statute cannot be determined now, since each case will require an independent determination of the facts. But this Court is satisfied that the lower court's decision to award credit to this defendant is fully supportable in the light of these circumstances.

*Judgment affirmed.*

NOTE: Justice Peck, although present for argument, took no part in the disposition of this case.