## Dennis Marden v. A. James Walton, Commissioner of Corrections

[455 A.2d 321]

No. 82-189

Present: Billings, Hill, Underwood and Peck, JJ., and Larrow, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

Motion for Reargument Denied December 14, 1982

*Steve Dunham,* Franklin County Public Defender, St. Albans, *Andrew B. Crane,* Defender General, and *Stephen Gould,* Correctional Defender, Montpelier, for Petitioner-Appellee.

*John J. Easton, Jr.,* Attorney General, Montpelier, *Alan B. Coulman, Elizabeth Grant Rome, Susanne R. Young,* and *Diana Cameron Agnew* (On the Brief), Assistant Attorneys General, Waterbury, for Respondent-Appellant.

**Peck, J.** This appeal by the Commissioner of the Vermont Department of Corrections (State) is from a summary judgment by the Washington Superior Court granting petitioner-appellee (petitioner) credit against his sentence for an offense committed in 1978. The credited time was based on the period during which he was incarcerated on a bail mittimus for a subsequent offense committed in 1979 while he was on probation for the earlier crime. The effect of the judgment below is to allow petitioner credit against the sentences for *both* crimes measured by the time period he was in custody for lack of bail solely by reason of the 1979 offense.

The State contends petitioner is entitled to have this time credited only against his sentence for the second offense. That contention is the issue before us. We agree with the State and accordingly reverse and remand for an entry of judgment denying petitioner the credit against his sentence for the 1978 crime.

The facts giving rise to this controversy as they appear on the record before us are not in dispute. Petitioner was convicted on November 29, 1978, of breaking and entering in the daytime. The court imposed a four- to eight-year sentence, suspending all but six months to one year. On March 12, 1979, petitioner was released on probation. One of the express conditions on the standard probation warrant with which he agreed to comply, reads: "You shall not be convicted of another offense."

Notwithstanding this condition, and while still on probation, petitioner was arrested for another offense on July 6, 1979. We note that petitioner's second offense, unlawful trespass, was not related to his first crime committed the year before.

Petitioner was held on the new charge by authority of a bail mittimus dated July 9, 1979. On November 26, 1979, he was convicted and sentenced to four to eight months, with credit for the time already served under the bail mittimus.

After a hearing on the same date, petitioner's probation from the 1978 offense was revoked for violation of the condition referred to above. He was ordered to serve the remainder of the original four- to eight-year sentence, with credit for time already served from the date of his first arrest, which occurred on October 24, 1978, until his release on probation on March 12, 1979. Much to petitioner's consternation, no doubt, the two sentences were to be served consecutively. On December 7, 1981, petitioner instituted this proceeding for post-conviction and declaratory relief, seeking to compel the Commissioner of Corrections to give him credit against his first four- to eight-year sentence, based on the period of incarceration for lack of bail on the second charged offense, a period in excess of four months. As noted above, the court erroneously granted the relief requested in response to petitioner's motion for summary judgment.

As complex and intertwined as these facts may seem in the telling of them, the applicable law is clear. 13 V.S.A. § 7031 (b) provides in part:

> The court shall give the person [convicted of an offense] credit toward service of his sentence for any days spent in custody *in connection with* the offense for which sentence was imposed. (Emphasis added.)

Granting that § 7031 is remedial in nature and accordingly entitled to a liberal construction, *Grenafege* v. *Department of Employment Security*, 134 Vt. 288, 290, 357 A.2d 118, 120 (1976), this does not warrant an interpretation which is not justified by its clear and express language; to do so would be to reach out beyond "liberal"; it would be judicial legislation. This we may not do. "This court by judicial interpretation may not expand the language or the plain meaning of a statute." *Maurice Callahan & Sons, Inc.* v. *Armstrong*, 125 Vt. 213, 215, 214 A.2d 70, 73 (1965). "[G]reat care should be exercised by the court not to expand proper construction of a statute into judicial legislation." *Murphy Motor Sales, Inc.* v. *First National Bank*, 122 Vt. 121, 124, 165 A.2d 341, 342 (1960).

The meaning of § 7031 (b) is plain and unambiguous. Therefore, we are required to enforce it according to its terms; there is no necessity for construction. *Riddel* v. *Department of Employment Security*, 140 Vt. 82, 86, 436 A.2d 1086, 1088 (1981). In order that a person convicted of a crime may be credited with time against his sentence, the days spent in custody must be, in the plain language of § 7031 (b), "in connection with the offense for which sentence was imposed."

In the case before us the limiting condition of "connection" is not satisfied. The time spent in custody, for which credit is claimed by petitioner, has no relation to, nor any *connection with*, his 1978 offense or the resulting four- to eight-year sentence. On the contrary, his incarceration from July 6, 1979, to November 26, 1979, was based solely and entirely on the bail mittimus resulting from the 1979 criminal offense for which he was subsequently convicted. He was

entitled to, and in fact received, credit for that period, but only in connection with the sentence imposed for the latter offense.

Petitioner argues, however, that this period of incarceration related as well to his violation of the terms of probation under which followed his 1978 conviction. Therefore, he contends, it was "in connection with" that earlier offense. This argument does not survive analysis.

The State correctly points out there was no basis for a finding that petitioner had violated his probation by having been "convicted of another offense," until such a conviction actually occurred. His probation from custody for his 1978 crime was not revoked, nor could it have been, until the violation was established by his second conviction. Accordingly, he was not serving his sentence for the earlier crime while confined on the bail mittimus. Had the charges brought against petitioner in 1979 been dropped, or if he had been acquitted of those charges, his probation would, obviously, remain unrevoked and he would have been released immediately. There would have been no reason or basis for a violation hearing, and no new probation procedures would be required. The birth of a violation of probation depended on conviction.

Petitioner refers us to three recent decisions by this Court in further support of his position. They are readily distinguishable. The most recent and easily distinguished is *In re McPhee*, 141 Vt. 4, 442 A.2d 1285 (1982). *McPhee* turned on the issue of custody, not "connection." In that case we were called upon to decide whether the defendant was in "custody" while spending time at a residential alcohol treatment facility under a pretrial release order. In a liberal construction of 13 V.S.A. § 7554, we held that he was in custody, primarily because of the restraints placed upon him. Having made that initial determination, it followed that the credit provision of § 7031(b) for days spent in custody at the treatment facility became operative and this Court so held. The question of a "connection" between the custody and the offense was not an issue. The case is not in point.

The two remaining decisions by this Court relied upon by petitioner are *In re Zera*, 137 Vt. 421, 406 A.2d 396 (1979), and *In re Lampman*, 135 Vt. 226, 373 A.2d 547 (1977). These cases are more closely analogous on their facts to the case at bar to the extent that, like the instant situation, both of them were concerned with two offenses. Here, however, the factual similarity ends. In *Zera* and *Lampman*, the petitioners were charged with escape from custody while serving sentences for earlier crimes. At arraignment on the escape charges, Zera was remanded to the custody of the Commissioner of Corrections, but Lampman confined on a bail mittimus. Both confinements were, therefore, clearly "in connection with" the escape offenses, even though the original sentences were also in effect during the same period of confinement.

A similar connection does not exist here, and this Court will not manufacture one in the face of the plain language of the statute. The time served by petitioner under the mittimus had no connection whatever with the sentence imposed for the earlier (1978) offense. He was not serving that sentence, and in fact could not, until his probation was revoked. A revocation could be effected only by establishing a violation, and that in turn could not even be charged unless and until a conviction for the second offense was obtained. Accordingly, we hold that the court below erred in granting petitioner's motion for summary judgment and awarding him the time here in dispute as a credit against his original sentence.

*The summary judgment of the Washington Superior Court is reversed and the cause remanded for entry of judgment for the defendant consistent with this opinion.*