### Rodman B. Montgomery III v. Brinver Corporation

[457 A.2d 644]

No. 82-065

Present: **Barney, C.J., Billings, Hill, Underwood and Peck, JJ.**

Opinion Filed February 7, 1983

*Pierson, Affolter & Wadhams,* Burlington, for Plaintiff-Appellant.

*Peter B. Joslin* of *Theriault & Joslin, P.C.,* Montpelier, for Defendant-Appellee.

**Billings, J.** On July 20, 1972, plaintiff-appellant, while in defendant-appellee's employ, suffered an injury which resulted in temporary total disability. On July 28, 1975, the plaintiff, defendant and defendant's workmen's compensation insurance carrier entered into an agreement, approved by the Commis-

sioner of Labor and Industry, which provided for temporary total disability compensation "for the whole period of such total disability." The defendant's insurance carrier paid plaintiff for 330 weeks and terminated payments on October 15, 1978. On July 23, 1979, plaintiff sought a hearing, 21 V.S.A. §§ 663, 664, claiming that the payments, pursuant to 21 V.S.A. § 642(a) and to the agreement, should continue until the disability ended. Defendant claims that, pursuant to 21 V.S.A. § 643, disability payments shall not continue beyond 330 weeks. The Commissioner of Labor and Industry, without holding an evidentiary hearing, ruled on December 10, 1981, that plaintiff's payments terminated after 330 weeks. It is from that ruling which plaintiff appeals. 21 V.S.A. § 672.

The Commissioner of Labor and Industry certified four questions for review, but because our ruling on the first question is dispositive of this appeal, it is not necessary to reach the others. The first certified question is: "As a matter of law, is a workman, injured in a work-related injury on July 20, 1972, entitled to more than 330 weeks of compensation under Vermont's Workmen's Compensation Law, 21 V.S.A. § 601 et seq.?"

The right to compensation for an injury under the Workmen's Compensation Act is governed by the law in force at the time of occurrence of such injury. 1 V.S.A. §§ 213, 214. See *Fairfax Manufacturing Co.* v. *Bragg*, 342 So. 2d 17, 20 (Ala. Civ. App. 1977); *Preveslin* v. *Derby & Ansonia Developing Co.*, 112 Conn. 129, 142, 151 A. 518, 522–23 (1930); 81 Am. Jur. 2d *Workmen's Compensation* § 89. In determining and interpreting the applicable statutes, we are guided by certain rules of statutory construction. Foremost is the rule that when the statute's meaning is plain on its face, we must enforce it in accordance with its express terms. *Jones* v. *Department of Employment Security*, 140 Vt. 552, 554, 442 A.2d 463, 464 (1982); *Nolan* v. *Davidson*, 134 Vt. 295, 298, 357 A.2d 129, 131 (1976). Moreover, the Workmen's Compensation Act, having benevolent objectives, is remedial in nature and must be given a liberal construction; no injured employee should be excluded unless the law clearly intends such an exclusion or termination of benefits. *Herbert* v. *Layman*, 125 Vt. 481, 485–86, 218 A.2d 706, 710 (1966). When there are

two statutes upon the same subject matter in irreconcilable conflict, the statute that is the most recent legislative enactment controls, since it is the latest expression of legislative will. *State* v. *Lynch*, 137 Vt. 607, 610, 409 A.2d 1001, 1003 (1979) ; *State* v. *O'Connell*, 135 Vt. 182, 184, 375 A.2d 982, 983 (1977). Finally, an amendment of the statute shows a legislative intent to change the effect of existing law. *Jones* v. *Department of Employment Security, supra*, 140 Vt. at 555, 442 A.2d at 464; *Diamond* v. *Vickrey*, 134 Vt. 585, 589, 367 A.2d 668, 671 (1976).

The relevant statutory provisions as of July 20, 1972, the date of injury, were as follows:

> 21 V.S.A. § 601 (17) ("Definitions"):
>
> "Limit of compensation" means a sum of money equal to three hundred and thirty times the maximum weekly compensation.
>
> 21 V.S.A. § 642 (a) ("Temporary total disability benefits"):
>
> If the total disability continues after the seventh day for a period of seven consecutive calendar days or more, compensation shall be paid for the whole period of the total disability, and the limit of compensation shall not apply. . . .
>
> 21 V.S.A. § 643 ("Period of payments"):
>
> Payments shall not continue after such disability ends, nor longer than three hundred and thirty weeks. . . .

As this case concerns only temporary total disability benefits, we need not consider the law regarding permanent disability benefits. See 21 V.S.A. §§ 644, 648. Cf. *Bishop* v. *Town of Barre*, 140 Vt. 564, 571, 442 A.2d 50, 53 (1982).

Prior to a 1972 amendment which became effective July 1, 1972, 21 V.S.A. § 642 (a) merely read that "compensation shall be allowed for the whole period of such total disability." This Court held that given such statutory language, 21 V.S.A. § 643 limited compensation permitted under § 642 (a) to a period of 330 weeks. *Valente* v. *Howe Richardson Scale Co.*, 127 Vt. 329, 331, 248 A.2d 735, 737 (1968). In addition, in 1967 § 601 (17) was added, which defined "limit of compensation" exactly as it is defined above. 1967, No. 122, § 1. However, § 642 (a) as amended provides for disability benefits

"for the whole period of the total disability, and the limit of compensation shall not apply." 1971, No. 158 (Adj. Sess.), § 2. Given that plaintiff was injured after the effective date of the amendment, it is this version of § 642(a) which applies. Thus, by its plain meaning, the amendment of 1972 brought § 642(a) into direct conflict with § 643, since the former mandated disability payments without regard to time or monetary limits, and the latter, read in conjunction with § 601(17), seemed to require such limitations. In fact, § 643 was eventually amended to conform with § 642(a) in 1978, when the 330-week limitation provision was removed from the statute. 1977, No. 182 (Adj. Sess.), § 9, eff. 30 days from April 3, 1978.

At the time of injury in 1972, § 642(a) and § 643 were in irreconcilable conflict. Therefore, resort must be had to those rules of statutory construction recited above. We turn first to the 1972 amendment to § 642(a) and, finding it to be the latest expression of legislative will, *State v. Lynch, supra,* 137 Vt. at 610, 409 A.2d at 1003, it must therefore prevail over the language of the 1955 version of § 643. The agreement entered into on June 10, 1975, reflects the provision of amended 21 V.S.A. § 642(a), in that payments are clearly mandated to continue "for the whole period of such disability." At that time, the agreement was approved by the Commissioner, who by statute could only approve agreements in accordance with the statutory law. 21 V.S.A. § 662. Given that this statutory scheme must be liberally construed, *Herbert v. Layman, supra,* 125 Vt. at 485–86, 218 A.2d at 710, and given that the amendment to § 642(a) must not be so interpreted as to discount the legislature's intent to change the effect of existing law, *Jones v. Department of Employment Security, supra,* 140 Vt. at 555, 442 A.2d at 464, we must reject defendant's arguments regarding the limitation of benefits.

We therefore hold that 21 V.S.A. § 642(a) provided for the indefinite payment of benefits, and that this provision was clearly incorporated into the agreement of the parties. The conflicting limitations of 21 V.S.A. § 643 are not applicable. Thus, the denial of additional temporary total disability compensation was error.

*Reversed and remanded for the entry of an order reinstating payments from October 15, 1978, to the time that total disability ends.*