*Serre v. Pallito*, No. 45-2-15 Bncv (Wesley, J., June 24, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT

SUPERIOR COURT                                                      CIVIL DIVISION
Bennington Unit                                               Docket No. 45-2-15 Bncv

| Serre vs. Pallito |
|---|

## ORDER

<u>Background</u>

The relevant facts in this challenge to a Department of Corrections ("DOC") sentence computation are undisputed. In 2012, Petitioner was convicted of burglary and sentenced to one-to-three years, all suspended except twenty days. Under this sentence he served fifty-one days in custody and was put on probation. Def.'s Opp. & Cross Mot. Summ. J. Ex. 2. On February 13, 2013 while still on probation for the burglary offense, Petitioner was arrested again. It does not appear in the record whether this arrest constituted a violation of his probation by itself. But it is undisputed that, after being held for twenty-eight days, Petitioner entered a plea agreement on March 13, 2013, pleading guilty to the following offenses: two counts of violation of probation ("VOP"), one count of obstruction of justice, and three counts of violation of conditions of release ("VCR"). Pl.'s Mot. Summ. J., Ex. A. The VOPs were on the same docket as the burglary offense ("Docket A"); the obstruction of justice and VCR convictions were together on a second docket ("Docket B"). *Id*.

The Criminal Division ordered the sentences on the two dockets to be served concurrently. It also required Petitioner be given "credit for time served according to law." Systo Aff. 1. Consequently, DOC set about calculating Petitioner's "effective" sentence. As explained by a DOC representative, the effective sentence is "a single sentence construed from all of the sentences the offender is serving." *Id*. It is derived by considering all of the concurrent sentences and assigning the prisoner the longest minimum term and the longest maximum term prescribed by any of them. *Id*. at 2; see also 13 V.S.A. § 7032(c)(1). In Petitioner's case, "all of the sentences the offender is serving" includes every offense under both Dockets A and B. Because the obstruction of justice conviction on Docket B carried the longest minimum *and* the longest maximum terms, the outer limits of his sentence were *both* effectively controlled by that conviction and set at eighteen-to-forty-eight months.

DOC also decided that the obstruction of justice conviction would control the amount of credit Petitioner could receive for time served prior to sentencing. For this reason it granted Petitioner credit for only the twenty-eight days served on Docket B and refused to credit him the fifty-one days served on Docket A. In other words, DOC treated the obstruction of justice conviction as though it were the only conviction that could impact the actual time Petitioner spent in jail. It is with this decision that Petitioner takes issue. He contends he should receive credit for time spent in custody for any of the offenses which make up his concurrent conviction. Petitioner asks this Court to require Defendant DOC Commissioner to credit him the additional fifty-one days from Docket A.

Analysis

Despite Defendant's concentration on *Marden v. Walton*, 142 Vt. 204, 207 (1982), this case is controlled by *State v. Blondin,* 164 Vt. 55, (1995) (superseded by statute for sentences imposed after April 3, 2013), and *State v. LeClair*, 2013 VT 114, 195 Vt. 295 (same). *Blondin* held that, "when a defendant is incarcerated on conduct that leads to both a revocation of probation or parole and to a conviction on new charges, the time spent in jail before the second sentence is imposed should be credited . . . towards both sentences if the second sentence is imposed concurrently." *Blondin*, 164 Vt. at 61. In other words, where an individual is held prior to a conviction, and that conviction leads directly to concurrent sentences and a probation or parole revocation, the individual must be credited with the time he was held pre-conviction. The docket on which the individual was technically being held is irrelevant.

This holding was applied most recently in *State v. LeClair*, on facts substantially similar to the present case. In *LeClair*, the defendant was arrested for burglary and held approximately nine months before resolution, because he did not post bail. Eventually, he was given a suspended sentence but assigned to complete a restrictive drug treatment program that was held to be similar to probation. *LeClair*, 2013 VT 114, at ¶ 11. While in the midst of the program, the defendant was arrested again for several new offenses, which were assigned to a different docket. He was once more unable to post bail and was held for around five months awaiting resolution of the new charges. These charges ultimately led to a guilty plea and caused the court to terminate the defendant's treatment option and replace it with another prison sentence. His sentence for the new offenses was made concurrent with the burglary sentence, and the latter, which was longer, became the effective sentence, controlling his minimum and maximum.[1]

The trial court in *LeClair* ruled that, while credit for time served was due on both dockets (nine months for the burglary and five months for the new convictions), the credits toward the new convictions could not be transferred to the effective sentence because that was controlled by the burglary conviction. It held that the most credit due to defendant on his concurrent sentences was nine months. However, on appeal, the Supreme Court reversed, relying on *Blondin*. *Id*. at ¶ 13. The court specifically held that *Blondin* governs to the exclusion of *Marden*, insofar as the two conflict. *Id*. at ¶¶ 8– 9. In short, post-*Blondin* and *LeClair*, the most important factor in cases like Petitioner's is not whether the same docket number "connect[s]" the time served with the offense that gives rise to the effective sentence. Rather, the key is whether the sentences on the two dockets run concurrently.

This makes sense when one considers the meaning of "concurrent" sentences and the statutory scheme surrounding them. Concurrent sentences are sentences that "[o]perat[e] at the same time." BLACK'S LAW DICTIONARY 309 (8th ed. 2004) (defining "concurrent"). As the DOC representative has

---

[1] It is noted that in *LeClair*, the sentence which defined his minimum and maximum term was the one which was imposed later in time. However, as discussed below, the sentence which defines the minimum and maximum does not define which periods in custody a prisoner with concurrent sentences is credited for. Therefore, the order in which the so-called controlling sentence was handed down, compared with other sentences and pre-trial detention periods, is a distinction without a difference.

explained, this means a concurrently-sentenced defendant can be "presently serving [a single prison term] for a number of offenses." Systo Aff. 1. Also as explained by the DOC representative, the outer limits of that single prison term are defined by statute. *Id*. at 2 (citing 13 V.S.A. § 7032(c)(1)). The statute calls for imposition of the longest minimum and longest maximum terms called for by any of the prisoner's convictions. 13 V.S.A. § 7032(c)(1). But although a single conviction may provide the operative minimum and maximum detention span, the prisoner is nevertheless still doing time for *all* of his convictions. The statute does not differentiate between the term-defining offense and the others that combine with it concurrently. See *id*. In other words, under the statute, no preference or overriding control or even special name is given to an offense which provides both the minimum and maximum term for the single prison stint created by concurrent sentences.[2] This is as true in the context of time-served credit as it is anywhere in the statutory scheme. See *id*. at § 7031(b) (not limiting which offenses a defendant can receive credit for, beyond that the offense must have resulted in a sentence being imposed).

This is where DOC has departed from the statute, and it is why Petitioner is entitled to relief. Presumably for shorthand purposes, DOC has given the nickname "effective sentence" to the single prison term that results from concurrent sentences." Systo Aff. 1. Similarly, when a single offense defines the effective sentence, DOC says that that offense has the "controlling sentence." *Id*. By themselves, these terms are innocuous and potentially useful. However, DOC has not limited their use to harmless shorthand. Instead, at least in Petitioner's case, DOC has expanded the concept of a "controlling sentence" to credit calculations and determined that only time spent in custody in connection with the "controlling sentence" can be credited. Time spent in custody awaiting sentencing on other offenses, whose terms are concurrent to the "controlling sentence" has been disregarded. Such a practice has no basis in the plain meaning of the statute or the case law applying it. See 13 V.S.A. § 7031(b); *Marden v. Walton*, 142 Vt. 204 (1982) (requiring a "liberal construction" for 13 V.S.A § 7031 in favor of prisoners, and also limiting interpretation to the plain meaning). See also *State v. LeClair*, 2013 VT 114 at ¶ 13 ("[D]efendant is entitled to credit against each of the concurrent sentences for the entire period he spent in jail between arrest and sentencing on the additional charges."); *Blondin*, 164 Vt. at 56–57 (noting that when time is served towards one sentence and a second sentence is later assigned to run concurrently with the first, the time served in connection with the first is credited toward the entire effective sentence); *State v. Percy*, 158 Vt. 410, 421–22 (1992) (holding that, "[i]f the sentences are concurrent, the prisoner must be given credit for pretrial detention towards all the sentences").

As DOC was without authority to ignore the time served on Docket A simply because Docket B contained the offense with the longest minimum and maximum terms, Petitioner is entitled to the relief he seeks.

---

[2] Indeed, how could such preference be given in cases where all of the defendant's convictions carry the same minimum and maximum term? DOC would be left in such situations to arbitrarily pick which sentence would be the governing sentence. Surely such a result would be unjust and absurd, and it is not contemplated by the statute. See also *State v. Percy*, 158 Vt. 410, 421–22 (1992) (indicating that where sentences run concurrently a prisoner who spent ten years in prison on four separate, concurrent sentences would need to be given forty total years of credit).

**WHEREFORE,** it is hereby **ORDERED**, Petitioner's motion for summary judgment is granted, and Defendant must assign Petitioner credit for the seventy-nine total days served on both docket number 1090-12-11 Bncr and docket number 230-2-13 Bncr.  The Commissioner must recomputed Petitioner's sentence immediately, and release him forthwith if applying the credit required by this order results in any period of incarceration beyond the maximum sentence.

Electronically signed at Brattleboro, Vt this 24th day of June, 2015.

John P. Wesley

Superior Judge