VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.        23-AP-168

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

# ENTRY ORDER

NOVEMBER TERM,   2023

Moretown Milling LLC\* v. Department of Labor

}
}
}
}

APPEALED FROM:

Employment Security Board
CASE NO. 10-19-094-01

In the above-entitled cause, the Clerk will enter:

Employer Moretown Milling LLC appeals the decision of the Employment Security Board affirming the Department of Labor's determination that employer is a full successor to Ward Clapboard Mill, Inc., and therefore subject to the same unemployment contribution rate as its predecessor. We affirm.

Ward Clapboard Mill was a lumber business with its major facility in Patten, Maine, and a site in Moretown, Vermont, where rough-cut clapboard was sent for finishing into siding-grade material. The individual who now owns employer organization lived adjacent to the Moretown property and had an interest in purchasing it. In 2017, employer organization was formed and purchased the Moretown mill, including the buildings, equipment, and inventory. As part of the sale, Ward Clapboard Mill agreed to relinquish its name. The mill remained open during the transfer and employer retained two employees, a production worker and bookkeeper, who had worked for Ward Clapboard Mill. The mill continued to produce wood siding, first using leftover stock from the Maine mill and then from new local sources.

Employers are assigned a contribution rate into the unemployment-compensation system by the Department of Labor based on the employer's experience of having claims made against it. See 21 V.S.A. § 1326. New employers with no claim history are assigned an average rate for the industry unless the new employer is a successor corporation.

The Department of Labor determined that under 21 V.S.A. § 1325(b)(1), employer here was the successor to Ward Clapboard Mill because employer acquired the assets, equipment, raw materials, and name of the business, and continued operations. Employer appealed and an Administrative Law Judge (ALJ) concluded that employer was a full successor to Ward Clapboard Mill and that the Department correctly calculated the resulting contribution rate. Employer appealed to the Board. The Board agreed with the ALJ's findings and conclusions, holding that employer acquired the assets, equipment, raw materials, and name of Ward Clapboard Mill and continued operations, and was therefore the successor entity under § 1325(b)(1). Employer appeals.

The issue on appeal is whether employer retains the experience rating of Ward Clapboard Mill as a successor entity. The relevant statute provides:

> Any individual or employing unit who in any manner succeeds to or acquires the organization, trade, or business or substantially all of the assets of any employer who has been operating the business within two weeks prior to the acquisition, except any assets retained by the employer incident to the liquidation of the employer's obligations, and who thereafter continues the acquired business shall be considered to be a successor to the predecessor from whom the business was acquired and, if not already an employer before the acquisition, shall become an employer on the date of the acquisition. The Commissioner shall transfer the experience-rating record of the predecessor employer to the successor employer.

21 V.S.A. § 1325(b)(1).

In analyzing the statute, "we first look to the plain, ordinary meaning of the statute to discern the legislative intent." Sirloin Saloon of Shelburne, Rutland, & Manchester, Inc. v. Dep't of Emp. & Training, 151 Vt. 123, 126 (1989). Where the meaning is clear, we enforce it; if the language is ambiguous, we consider the entire statutory scheme, as well as its effects, consequences, and purpose. Id. This Court generally defers to the Board's interpretation of the statutes it enforces. Blue v. Dep't of Lab., 2011 VT 84, ¶ 6, 190 Vt. 228. "We will uphold its factual findings unless clearly erroneous, and its conclusions if reasonably supported by the findings." Id.

Employer argues that it was not a successor entity under the statute because the new business was not comparable to Ward Clapboard Mill as it existed at the time it was purchased. Employer contends that it had to initiate new operations to be able to produce clapboards using Ward Clapboard Mill's facilities. Employer also argues that at the time of the transfer, Ward Clapboard Mill was inactive and was in the business of selling off its assets, and therefore was not operating within the meaning of § 1325, which limits its application to "any employer who has been operating the business within two weeks prior to the acquisition."

The statute assigns successor status to a new employer where the new employer acquires a business or substantially all of its assets, the prior business was operating within two weeks of the acquisition, and the new employer continues the business. Here, the evidence supports the Board's findings as to those requirements. Employer purchased Ward Clapboard Mill along with its assets, and Ward Clapboard Mill was operating at the time of the transfer.

Employer's arguments to the contrary are unavailing.[*] The plain language of the statute does not require that employer continue to operate exactly as the prior business, that businesses be "comparable," or that the retained employees be involved in manufacturing at the time of transfer. This Court must enforce the statute as written. See Jones v. Dep't of Emp. Sec., 140 Vt. 552, 554 (1982) (explaining that "when the meaning of a statute is plain on its face we must enforce it according to its express terms"). Although Ward Clapboard Mill had decreased its

---

[*] In considering employer's arguments, this Court has considered only the evidence submitted by employer to the agency below.

business by the time of the sale, the business in Moretown was operating prior to the transfer by producing goods for sale. Similarly, regardless of whether the retained employees were working with the actual manufacturing, they continued to work, and that satisfies the statutory requirement.

Finally, employer's reliance on Sirloin Saloon is misplaced. In that case, a parent company reorganized into three new corporate entities. The resulting entities sought to keep the good experience rating of the parent corporation. This Court concluded that partial successor organizations did not acquire the experience rating of the parent corporation and that § 1325 required a total or near-total transfer to be a successor. This Court explained as follows: "By using the word 'transfer,' the language [of § 1325(b)] does not cover a situation where, as here, the predecessor remains in business and also wants to retain its experience-rating record after the transfer." Sirloin Saloon, 151 Vt. at 128. The situation here is distinguishable from Sirloin Saloon in that the Board found that employer was a full successor to Ward Clapboard Mill. The evidence supports that finding. Employer purchased the name, equipment, tools, and inventory from Ward Clapboard Mill, and Ward Clapboard Mill did not continue operations. Under these facts, the Board correctly concluded that employer was a successor to Ward Clapboard Mill.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

Harold E. Eaton, Jr., Associate Justice

Nancy J. Waples, Associate Justice

3