*Fleming-Pancione v. Menard*, No. 38-1-16 Wncv (Tomasi, J., May 6, 2016)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## VERMONT SUPERIOR COURT

| SUPERIOR COURT | CIVIL DIVISION |
| --- | --- |
| Washington Unit | Docket No. 38-1-16 Wncv |

Shayne Fleming-Pancione,
  Plaintiff,

  v.

Lisa Menard, Commissioner,
Vermont Department of Corrections,
  Defendant.

Opinion and Order on Vt. R. Civ. P. 75 Petition

Mr. Shayne Fleming-Pancione seeks Vt. R. Civ. P. 75 review of the Vermont Department of Corrections' (DOC's or the State's) refusal to recalculate his sentence in conformity with *Serre v. Pallito*, No. 45-2-15 Bncv, 2015 WL 5176790 (Vt. Super. Ct. June 24, 2015). In short, he seeks substantial credit for time served on an earlier out-of-state sentence applied to a later-imposed, "concurrent" Vermont sentence for periods of custody long predating any that could possibly be connected to the Vermont sentence. While the analysis in *Serre* appears to lead to the result Plaintiff seeks, *Serre* represents a dramatic departure from binding Vermont Supreme Court decisional law, which counsels to the contrary. The Court respectfully disagrees with the *Serre* Court and sees no legal basis for the relief sought in this case.[1]

---

[1] The parties have fully briefed the issues and the facts in the record are sufficient and undisputed. While the parties' filings are not strictly framed in compliance

1. *Standard*

Summary judgment is appropriate if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Vt. R. Civ. P. 56(a). "In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences." *Samplid Enterprises, Inc. v. First Vermont Bank*, 165 Vt. 22, 25 (1996). "Where . . . the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by indicating an absence of evidence in the record to support the nonmoving party's case. The nonmoving party then has the burden of persuading the court there is a triable issue." *Mello v. Cohen*, 168 Vt. 639, 639–40 (1998).

2. *Undisputed Facts*

The undisputed material facts are few. Plaintiff was sentenced in Massachusetts in 2003 for a seven to ten year sentence. In 2010, he was released on parole. In 2011, he was arrested on a Vermont warrant. In 2012, he was sentenced on the Vermont charges to eight years to eight years and a day to serve, concurrent to the not yet expired Massachusetts sentence, with credit for time served as required by law.[2] He was granted credit for time served from the date of his 2011 arrest on the Vermont charges.

---

with Vt. R. Civ. P. 56, for purposes of analysis, the Court treats the filings in the same manner as if the parties had more formally sought summary judgment.

[2] Plaintiff was also sentenced on a federal charge during the relevant time, but that sentence has expired and is not relevant to the sentencing calculation issue in this case.

Plaintiff's argument in this case is that, because his Vermont sentence is concurrent to the Massachusetts sentence, the two must first be aggregated *as though they were imposed simultaneously,* and, then, he should receive credit for time served in relation to any of the concurrent sentences as against the total effective sentence. He claims a right to all time served on the Massachusetts sentence (dating back to 2003) as against the later-imposed Vermont sentence, including all such time before the two potentially overlapped in any way. He claims that Vermont Supreme Court decisions and *Serre* require credit to be applied to concurrent sentences in this manner even for periods in which those sentences were not actually "concurrent."

3.    *Analysis*

Plaintiff asserts that the outcome he seeks in this case is required by *State v. Blondin*, 164 Vt. 55 (1995), and *State v. LeClair*, 2013 VT 114, 195 Vt. 295. But, the analysis that would support it, if extended to apply to out-of-state sentences, appears only in one trial court decision, *Serre*.

In *Serre*, the plaintiff served time on his original Vermont sentence and was subsequently released on probation. While on probation, he was charged with obstruction of justice and several counts for violations of probation and conditions of release. He was subsequently sentenced on the later charges, which were to run concurrent to the original sentence, with credit for time served as required by law. The DOC gave the plaintiff credit for being held 28 days prior to the second

3

sentencing on all sentences (the time during which his custody, in effect, overlapped with both sentences). It did not give him credit on the later sentence for the time served on the original sentence before he began probation.

The *Serre* Court determined that, because all of the sentences were concurrent, the DOC should have first calculated an effective sentence based on the fiction that no time had been served on any sentence. It then should deduct all time served on any sentence, no matter when it occurred in relation to any of the component sentences, from that fictitious effective sentence. Thus, while there was no conceivable way that time served on the earlier-imposed sentence prior to probation overlapped with time served on the later-imposed sentence, this made no difference. *Serre* stands for the proposition that concurrence should relate back to the inception of the earliest imposed concurrent sentence no matter when the component sentences were imposed or the time was served. This is what Plaintiff wants the Court to do in this case, albeit with a twist: here, the earlier sentence was imposed by a different sovereign.

Applying *Serre*, Plaintiff reasons that the eight-year minimum from his Vermont sentence establishes his minimum effective sentence. The ten-year maximum from his Massachusetts sentence establishes his maximum sentence. He claims credit for all time served under any sentence since 2003 as against this new effective sentence—which, according to this logic, presumably expired sometime in 2013.

Plaintiff's argument produces absurd results, has no support in Vermont Supreme Court decisions, and runs contrary to the thrust of them. Plaintiff's position would mean that his eight-year Vermont sentence that was imposed in 2012, on a charge filed in 2011, expired in 2013 due solely to time served that had no conceivable relation to the imposition of that sentence, that charge, or his custody status in relation to either. It would allow one paroled from a thirty year sentence in year twenty nine, who is then sentenced to a new twenty-year sentence made concurrent to the earlier sentence to serve no additional time whatsoever. The later prosecution that resulted in a substantial sentence would become an entirely moot point, subsumed by the waning days of his earlier sentence.

But, criminal sentences generally operate prospectively, not retroactively. The potential exception is when the criminal defendant is in custody prior to the imposition of the sentence. Under those circumstances, the defendant *may* be entitled to credit for presentence custody as against a sentence that is imposed later. Presentence credit is awarded, in part, to ensure that one who cannot afford to post bail is in no worse position than one who can when the sentence actually is imposed. *See In re Lampman*, 135 Vt. 226, 228 (1977). As the cases reflect, the entitlement to and calculation of presentence credit can become considerably complicated when there are multiple sentences, which may be consecutive or concurrent to each other, particularly when they are imposed at different times.

The presentence credit statute that applies to Mr. Fleming-Pancione's Vermont sentence provides:

5

> The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which the person is received at the correctional facility for service of the sentence. The court shall give the person credit toward service of his or her sentence for any days spent in custody *in connection with* the offense for which sentence was imposed.

13 V.S.A. § 7031(b) (2012) (emphasis added).[3]

As the Vermont Supreme Court has made clear, an overly literalistic application of the "in connection with" expression, in some circumstances, produces results at odds with the intent of this legislation. For example, a criminal defendant may be held prior to the imposition of two sentences ordered to run consecutively. Literally, he was held "in connection with" both of those sentences. The statute does not, however, contemplate that he should receive "double" presentence credit—credit for the same time served but applied to each consecutive sentence. *Blondin*, 164 Vt. 59–61. In some cases, then, the analysis must turn more on the intent of the statute rather than the precise language chosen by the Legislature to express it.

That is the lesson of *Blondin*. There, the plaintiff was on parole when he was charged with and detained on new crimes and the violation of parole. His parole was revoked and he was given credit against the paroled sentence for his post-parole detention. *Id.* at 56. He was later sentenced on the new crimes. The later-imposed sentence was order to run *consecutive* to the prior sentence and he was given no presentence credit. He already had received a "single" credit accounting

---

[3] Subsection 7031(b) was significantly amended in 2013 and no longer includes the heavily litigated "in connection with" expression.

for all time served.  The Vermont Supreme Court refused to permit credit against both sentences because doing so "would, in effect, make the underlying and new sentences concurrent" for the relevant period of presentence custody.  *Id.*  It also would undermine the sentencing judge's ability to impose consecutive sentences, provide incentives for criminal defendants and the State to "manipulate the timing of judicial proceedings so as to shorten or lengthen the ultimate sentence served," and put the defendant who could not afford bail in a far better position than the one who did.  *Id.* at 57, 64.  Thus, while one could plausibly argue that the disputed presentence custody was "in connection with" each of the consecutive sentences, the reasons a defendant may receive presentence credit supported a single credit only for the time served.

> The more broadly stated holding of *Blondin* is as follows:
>
> [W]e hold that when a defendant is incarcerated based on conduct that leads both to revocation of probation or parole and to conviction on new charges, *the time spent in jail before the second sentence is imposed* should be credited toward only the first sentence if the second sentence is imposed consecutively, but toward both sentences if the second sentence is imposed concurrently.

*Id.* at 61 (emphasis added).  By "the time spent in jail before the second sentence is imposed," the Court is unmistakably referring to that period of time that arguably was served "in connection with" both of the sentences—in *Blondin*, that period began when the defendant was detained on the new charges.  The Court certainly is not referring to all time served on the first sentence regardless of whether it had any connection to the second sentence.

7

The principles of *Blondin* were applied in the circumstances of a concurrent sentence in *LeClair*. There, the defendant was charged with burglary (the 2010 charge) and taken into custody. He was later released from custody on conditions set by the Chittenden County Adult Drug Treatment Court (ADTC). *LeClair*, 2013 VT 114, ¶ 2, 195 Vt. at 296. If he successfully completed ADTC, he would have received a completely suspended sentence and been immediately discharged from probation. If he was terminated from ADTC, he would have been sentenced for burglary within certain parameters. While participating in ADTC, he was charged with several new crimes and was taken into custody. His participation in ADTC then ended but only much later did the State formally move to terminate him from ADTC. *Id.*, 2013 VT 114, ¶ 6, 195 Vt. at 298.

He then was sentenced on the underlying 2010 charge to three to five years with credit for time served (the first sentence). He was sentenced to two to five years, with credit for time served, on the 2012 charges (the second sentence). The second sentence was made concurrent to the first. The DOC gave the defendant credit on the *first* sentence for the time he was held following the initial 2010 charge but before he was released on ADTC conditions. It gave him credit on the *second* sentence for the time served between his arrest on the new charges and the imposition of both sentences. It did not give him credit on the first sentence for the time served between his arrest on the new charges and the imposition of both sentences. According to the State and the trial court, the defendant did not deserve that credit because that time served was "in connection with" the 2012 sentence

8

only (presumably because the State had not filed the motion to terminate him from ADTC). *Id.*, 2013 VT 114, ¶ 6, 195 Vt. at 298. The defendant countered that not giving him credit on both sentences converted his concurrent sentences into consecutive ones for the period of time at issue.

On appeal, the State attempted to defend the trial court's ruling using a pre-*Blondin* decision expounding on the "in connection with" expression in the circumstance of *consecutive* sentences. The Court emphasized, "the crucial factor under *Blondin* is whether the earlier and later sentences are to be served concurrently or consecutively." *Id.*, 2013 VT 114, ¶ 9, 195 Vt. at 300. The Court rejected the State's argument that ADTC is materially different from probation or parole in some way suggesting that *Blondin* should not apply, and then ruled as follows:

> As we noted in *Blondin*, denying or granting credit in concurrent-sentence situations like the instant one based on when revocation proceedings or resentencing was initiated or finalized would be illogical and unfair, as it would result in credit being awarded depending on factors beyond the court's control, including how quickly or slowly the State acted in prosecuting the defendant. Accordingly, defendant is entitled to credit against each of the concurrent sentences for the entire period he spent in jail *between arrest and sentencing on the additional charges.*

*Id.*, 2013 VT 114, ¶ 13, 195 Vt. at 301–02 (emphasis added, citation omitted).

Though the Court does not use the expression in that paragraph, in effect, the time served that was "in connection with" both sentences spanned "the entire period he spent in jail between arrest and sentencing on the additional charges," regardless of when the State chose to file its motion seeking termination of ADTC.

9

Because the sentences were concurrent and the charged conduct was connected to both matters, 2013 VT 114, ¶ 12, 195 Vt. at 301, that time served applied to both concurrent sentences. If they had been consecutive, it would have applied to one and not the other.

Neither *Blondin* nor *LeClair* provides any support for Plaintiff's argument in this case. In the reported cases, the Vermont Supreme Court has been careful to ensure that credit for time served applies to all concurrent sentences when the time served and those sentences can be fairly viewed as overlapping within the contemplation of the version of Section 7031(b) that applies in this case. Where there is not such linkage, it has been careful to avoid the unwarranted award of double or multiple credits. *See State v. Aubuchon,* 2014 VT 12, ¶ 26, 195 Vt. 571, 585 (denying credit to furloughee for time spent in jail on later charges because doing so would result in double credit due to the consecutive nature of the sentences); *Blondin*, 164 Vt. at 61; *Marden v. Walton*, 142 Vt. 204, 209 (1982) (not permitting double credit in consecutive sentence circumstances). Plaintiff's instant attempt at fabricating credit based solely on the concurrent nature of the sentences -- without regard to whether the matters are otherwise connected -- has no merit.

While the concurrent nature of the sentences is, no doubt, a vital consideration, it does not have the power to recreate history. The sentences in this case were concurrent, but concurrent only from, at the very earliest, the initiation of proceedings on the Vermont charges. The type of "retroactive" credit sought by Plaintiff through invocation of the word "concurrent" has no parallel in Vermont

10

case law.  In *Blondin,* for example, the defendant had served a long sentence for murder before being released on parole.  His later criminal conduct led to a revocation of parole and sentencing on new charges as well.  When the Court addressed the issue of credit, it focused on whether to afford defendant credit on both offenses for the period between his arrest on new charges and the imposition of sentence.  It did not suggest that his new sentence could possibly have been subsumed, in whole or part, by the twenty-four years he had already served on the underlying murder conviction prior to his parole.

Indeed, this Court has previously considered and rejected an argument nearly identical to that raised by Plaintiff.  In *Lafayette v. Pallito*, No. 111-2-11 Wncv, Decision (Vt. Super. Ct. July 7, 2011) (copy attached), the defendant was on probation for arson when he was convicted and sentenced for murder.  His probation was revoked and he was ordered to complete his arson sentence.  The murder sentence was ordered to run concurrent to the arson sentence.  The defendant sought credit on the murder sentence for all time served on the arson sentence merely because the sentences were "concurrent."

The Court was not persuaded.  The "'concurrent' designation permitted Mr. Lafayette to satisfy his murder and arson sentences *at the same time* in the years *following* the second conviction."  *Id.* at 2 (emphasis added); *see also In re Perry*, 137 Vt. 168, 170 (1979) ("The words 'consecutive' and 'concurrent' are terms of art, used to describe the relationship of two or more sentences which, *at the same time*, affect an inmate's imprisonment." (emphasis added)).  The Court determined that second

11

sentence did not operate retroactively and that the defendant was not entitled to credit for time served on the arson sentence predating custody in relation to the murder charge.

Such a result only makes sense. In this case, based on the concurrent nature of the subsequent sentence and the overlap between the two sentences, Plaintiff is likely entitled to credit on his 2003 Massachusetts sentence for any time spent in jail related to the 2012 Vermont conviction.[4] He is not entitled to credit on the Vermont sentence for all time previously served on the unrelated Massachusetts conviction, however. Absent some express statement of intent by the sentencing judge, it would defy expectations and logic to conclude that, by imposing a concurrent sentence, the Court intended the two sentences to function as if they had both actually been entered on the same date in 2003. To the extent *Serre* counsels a different result, the Court respectfully disagrees with that analysis.[5]

In any event, Plaintiff's argument fails for a more straightforward reason: it runs directly contrary to *State v. Coe*, 150 Vt. 488 (1988). In *Coe*, the Supreme Court adopted the "sole basis" rule to determine whether a person being held out of

---

[4] The Court expresses no opinion on whether the out-of-state nature of the original sentence would militate against such a result.

[5] The Court does not believe the Defendant is bound by *Serre* under principles of non-mutual, offensive collateral estoppel. *See United States v. Mendoza*, 464 U.S. 154, 159-62 (19184) (such estoppel is not available against the United States). Though not all of the factors set out in *Mendoza* are applicable to the Vermont setting, the Court believes it important to allow various trial courts to weigh in on legal controversies and, ultimately, to allow the Vermont Supreme Court to decide important legal issues. Strict imposition of estoppel against the State thwarts that important process, and requires the State to appeal any adverse decision by a trial court. While there may be instances where it would be appropriate to enforce non-mutual, offensive collateral estoppel against the State, this is not one of them.

12

state is entitled to presentence credit on a newly imposed Vermont sentence. *Id*. at 453. To receive credit, such a defendant "bears the burden of establishing that the charge on which [the Vermont] sentence is imposed was the sole basis of the [out-of-state] custody at issue." *Id*. Plaintiff's interpretation of the law would eliminate the sole-basis rule and replace it with a no-basis rule -- the mere fact of a later-imposed Vermont sentence running concurrent to an earlier imposed out-of-state sentence alone would be sufficient to credit the Vermont sentence with all time served on the extra-territorial sentence. That is not the law of Vermont. Since Plaintiff can make no claim that the time he spent in Massachusetts custody from 2003 to 2011 had any relation to the later Vermont charges, he is not entitled to credit under *Coe*.

<u>Conclusion</u>

For the foregoing reasons, summary judgment is granted to the State.

Dated this __ day of May, 2016 at Montpelier, Vermont.

_____
Timothy B. Tomasi,
Superior Court Judge

13