NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 121

No. 2018-310

| | |
|---|---|
| Anthony M. Bridger | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Orleans Unit, |
| | Civil Division |
| | |
| Sarah J. Systo | October Term, 2018 |

Scot L. Kline, J.

Kelly Green, Prisoners' Rights Office, Montpelier, for Petitioner-Appellant/Cross-Appellee.

Thomas J. Donovan, Jr., Attorney General, and Andrew M. Gilbertson, Assistant Attorney
  General, Waterbury, for Respondent-Appellee/Cross-Appellant.


PRESENT:  Reiber, C.J., Skoglund, Robinson, Eaton and Carroll, JJ.


¶ 1.     **REIBER, C.J.**   Following the trial court's denial of his habeas corpus petition, Anthony Bridger (petitioner) requests that this Court grant him credit for time served prior to his arraignment on charges of burglary in Rutland County.  In a cross-appeal, the State asks this Court to reverse the trial court's decision granting petitioner one day of credit.  We reverse the trial court's decision regarding the one day of credit, and we otherwise affirm the trial court's decision.

¶ 2.     On January 27, 2009, Vermont State Police in Bennington County arrested and detained petitioner regarding alleged burglaries in that county.  Later that day, petitioner was transported to the Rutland State Police Barracks, where police questioned him regarding burglaries

he confessed to having committed in Rutland County. As the trial court noted, the record does not make clear whether petitioner received a citation for the Rutland charges at that time.[1] The record is clear that petitioner was not arrested, charged, or arraigned on the Rutland burglaries until later.[2]

¶ 3. After petitioner's questioning with the Rutland police, he was transported to Marble Valley Regional Correctional Facility, where he was placed in the custody of the Department of Corrections (DOC) just before one in the morning on January 28, 2009. He was arraigned in Bennington County that same day, January 28, on one charge of burglary for the conduct that petitioner allegedly committed there. The court set bail at $5000. Petitioner did not post bail. The court accordingly issued a mittimus for pretrial detention on the Bennington charge with the DOC. The State dismissed the Bennington charges on September 11, 2009. The Bennington docket sheet makes no mention of the Rutland burglaries.

¶ 4. Meanwhile, despite the Rutland police questioning in January 2009, the State did not file charges against petitioner for the Rutland burglaries until July 16, 2009, and he was not arraigned on those charges until July 28, 2009. The court set bail at $10,000 on the Rutland charges. When petitioner did not post bail, the Rutland court issued a mittimus for pretrial detention with the DOC. Petitioner was ultimately convicted and sentenced on the Rutland charges, and he received credit for time served beginning on July 28, 2009.

---

[1] According to an April 2009 police affidavit, petitioner was cited on January 27 and ordered to appear in court on the Rutland charges on April 27, 2009. The docket sheet for the Rutland charges, however, lists petitioner's citation date as May 11, 2009. There is no record of any court event associated with the Rutland charges on either April 27 or May 11.

[2] Petitioner repeatedly states in his brief that he was arrested on January 27, 2009, for the Rutland burglaries. The record shows he was arrested on January 27 for the alleged Bennington burglary, not for the Rutland burglaries. Although the record is unclear as to whether petitioner received a citation on January 27, the April police affidavits and the Rutland docket sheet indicate he was not arrested on the Rutland charges at that time.

¶ 5. Petitioner filed a petition for habeas corpus with the trial court in September 2018. He argued that he was entitled to credit for time served beginning on January 27, 2009, the date he was questioned with regard to the Rutland burglaries, rather than beginning on July 28, 2009, the date of his arraignment for those charges. If correct, petitioner was past the maximum date on his sentence for the Rutland burglaries, enabling him to be transferred to New York to begin serving a consecutive sentence there. The trial court determined that petitioner failed to show he had been held in custody "in connection with" the Rutland charges between January 28, 2009, and July 28, 2009, as required by statute.[3] See 13 V.S.A. § 7031(b) (2009). However, the court determined that petitioner had been held in custody in connection with the Rutland charges on January 27, 2009, and it accordingly granted petitioner one additional day of credit.

¶ 6. Petitioner appeals the trial court's decision, requesting the additional days of credit between January 28, 2009, and July 28, 2009. The State cross-appeals, arguing the court erred in granting credit for January 27, 2009. We review the trial court's decision without deference. See State v. Kenvin, 2013 VT 104, ¶ 20, 195 Vt. 166, 87 A.3d 454 ("When the sentencing court is presented with a request for credit for time spent in custody under § 7031, the calculation involves a legal question. The Court reviews questions of law de novo." (citation omitted)), overruled on other grounds by State v. Byam, 2017 VT 47, ¶ 20, __ Vt. __, 172 A.3d 171. The petitioner bears the burden to show he is entitled to relief. See Sherwin v. Hogan, 136 Vt. 606, 608, 401 A.2d 895, 896 (1979) ("It is the familiar holding of our cases that it is the petitioner seeking relief who has the burden of demonstrated entitlement to remedy, whether the grounds be constitutional or some lesser error.").

---

[3] The Legislature amended 13 V.S.A. § 7031(b) in 2013. 2013, No. 41, § 1. This case is governed by the version of § 7031(b) in effect in 2009, prior to the 2013 amendment, as the parties agree.

¶ 7. The language of § 7031(b) then in effect requires the trial court to "give the person credit toward service of his or her sentence for any days spent in custody in connection with the offense for which sentence was imposed." 13 V.S.A. § 7031(b) (2009). The statute's purpose "is to ensure that offenders unable to make bail do not serve a longer sentence than more affluent defendants who are able to make bail and avoid pretrial incarceration." State v. Blondin, 164 Vt. 55, 57, 665 A.2d 587, 589 (1995). Because it is "remedial in nature," the provision "is entitled to a liberal construction." Marden v. Walton, 142 Vt. 204, 207, 455 A.2d 321, 322 (1982). However, as with all statutory interpretation, we must "enforce it according to its terms" and "may not expand the language or the plain meaning of [the] statute." Id. (quotation omitted).

¶ 8. We first address petitioner's argument that he is entitled to credit for time served between January 28, 2009, and July 28, 2009. Petitioner relies on State v. LeClair, 2013 VT 114, 195 Vt. 295, 88 A.3d 1186, and State v. Blondin, 164 Vt. at 55, 665 A.2d at 587.[4] Both cases involved a single period of pretrial detention but two different sentences against which the defendant sought credit. In Blondin, we held:

> [W]hen a defendant is incarcerated based on conduct that leads both to revocation of probation or parole and to conviction on new charges, the time spent in jail before the second sentence is imposed should be credited toward only the first sentence if the second sentence is imposed consecutively, but toward both sentences if the second sentence is imposed concurrently.

164 Vt. at 61, 665 A.2d at 592. In LeClair, we clarified that "our holding in Blondin turns more on the concurrence of the sentences than the nature of probation or parole." LeClair, 2013 VT 114, ¶ 10. We reasoned that "denying or granting credit in concurrent-sentence

---

[4] Although the Legislature amended § 7031(b) in 2013, see 2013, No. 4, § 1, in LeClair and Blondin the Court interpreted the same version of § 7031(b) that applies in this case. See LeClair, 2013 VT 114, ¶ 6 (citing 13 V.S.A. § 7031(b) (2012), which was same version as in 2009); Blondin, 164 Vt. at 57, 665 A.2d at 589 (citing same version of § 7031(b) as in 2009).

4

situations . . . based on when revocation proceedings or resentencing was initiated or finalized would be illogical and unfair." Id. ¶ 13. In those situations, the court would end up granting credit "depending on factors beyond the court's control, including how quickly or slowly the State acted in prosecuting the defendant." Id.

¶ 9.     Petitioner points out that six months passed from the date the police first questioned him regarding the Rutland burglaries and the date he was charged and arraigned for those burglaries. Petitioner contends that this delay is an example of the kind of situation LeClair decries. Id. Had the State brought the Rutland charges earlier in petitioner's pretrial detention for the Bennington charges, or had he pled guilty to and received a sentence for the Bennington charges concurrent to the sentence for the Rutland charges—"factors beyond the court's control," id.—then, petitioner argues, he would have received credit for time served prior to July 28. Petitioner further notes that had he been able to post the bail set for the Bennington charges, he would not have been held in custody prior to July 28 at all; thus, failing to grant credit for that time contradicts § 7031(b)'s purpose. See Blondin, 164 Vt. at 57, 665 A.2d at 589.

¶ 10.     We reject petitioner's arguments. Although § 7031(b) "is remedial in nature and accordingly entitled to a liberal construction," we may not construe the statute against its plain language. Marden, 142 Vt. at 207, 455 A.2d at 322. That language directs the sentencing court to grant credit for time served "in connection with" the crime for which the court imposes sentence. 13 V.S.A. § 7031(b). For the period from January 28 to July 28, petitioner was held in custody in connection only with the Bennington burglary charge. Nothing in the record indicates that he was held in custody in connection with the Rutland charges until his arraignment on July 28. Indeed, no mittimus issued in the Rutland docket until the date of arraignment. The investigations leading to the two dockets apparently overlapped in time, but that is not a basis for the court to apply time

5

served on one docket against a sentence in a wholly unrelated docket. Nor do <u>Blondin</u> and <u>LeClair</u> dictate a different result. Each of those cases addressed two sets of charges that were related to one another, in which the court imposed concurrent sentences. In this case, we address two dockets that are wholly unrelated, in one of which the case was dismissed. <u>Blondin</u> and <u>LeClair</u> do not apply to the facts here.

¶ 11. Having determined that the trial court did not err in refusing to grant credit for time served between January 28 and July 28, we address the State's cross-appeal of the court's decision to grant credit for January 27. The trial court held that on January 27 petitioner "was in custody at the Rutland Barracks in connection with" the Rutland burglaries, and thus he was entitled to credit for that day. The State argues this was error because petitioner was not "in custody" for the purposes of § 7031 until he was placed in DOC custody at the Marble Valley Correctional Facility, which was just before one in the morning on January 28.

¶ 12. If, as the State suggests, the trial court considered petitioner "in custody in connection with" the Rutland burglaries based solely on the time spent being questioned in the Rutland barracks, the court's reasoning was in error. Being held for questioning, without more, does not mean a person is "in custody" for the purposes of § 7031. See <u>Byam</u>, 2017 VT 47, ¶ 23 (holding "in custody" for purposes of § 7031 "requires that a defendant be subject to the physical control of the DOC or of a court-ordered treatment facility"). Alternatively, if the trial court based its decision on petitioner's arrest, detention, and later placement at Marble Valley Correctional Facility, the court may be correct that petitioner was "in custody"—but not "in connection with" the Rutland burglaries. Petitioner was arrested, detained, and later placed in DOC custody based on the Bennington charge. Rutland police questioned him while he was held on the Bennington charge, but that was all; he was not arrested, charged, or arraigned for the Rutland offenses at that

6

time.  Absent the Bennington arrest, he would have been free to leave following the questioning by the Rutland police.  Accordingly, we reverse the trial court's decision to grant petitioner one additional day of credit.

Reversed with regard to the credit granted for January 27, 2009, and otherwise affirmed.

FOR THE COURT:

_____
Chief Justice